**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHANDAR BINGHAM,
            *Defendant-Appellant.*

No. 02-4160

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-01-270)

Submitted: November 5, 2002

Decided: November 14, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Chandar Bingham, Appellant Pro Se. Nicholas Stephen Altimari, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Chandar Bingham appeals his conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Finding no reversible error, we affirm.

On appeal, Bingham first contends that the government lacked probable cause to arrest him. This court reviews de novo a court's determination that probable cause was present. *United States v. Cephas*, 254 F.3d 488, 491 (4th Cir. 2001). Probable cause exists when facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, the suspect has committed, is committing, or is about to commit an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998). In assessing whether probable cause exists, the court examines the totality of the circumstances. *See Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996). Determining whether the information surrounding an arrest suffices to establish probable cause is an individualized and fact-specific inquiry. *See Wong Sun v. United States*, 371 U.S. 471, 479 (1963). We find that the totality of the circumstances established probable cause to support Bingham's arrest.

Bingham next contends that the Government failed to provide him with copies of the evidence against him prior to his probable cause hearing. This claim is without merit. *See* Fed. R. Crim. P. 5.

Bingham also contends that the magistrate judge was biased against him to the extent that he was able to make a probable cause determination. Bingham's allegations of bias stem, however, from the court's prior involvement with criminal proceedings against him and not from an extrajudicial source. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor are Bingham's allegations substantiated by the record. Thus, we find this claim to be without merit.

Bingham next challenges the magistrate judge's refusal to release him on bail before trial. This claim must fail because the issue of pre-

trial detention is moot after a conviction. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982).

Bingham further alleges that the magistrate judge acted inappropriately toward Bingham and his attorney during the bail and probable cause hearing and then conspired to have the transcripts altered, thus eliminating any evidence of bias. Bingham further contends that the magistrate judge's attitude toward him had a chilling effect on his co-defendants, which caused them to plead guilty and agree to testify against him and caused the trial judge to be biased against him. Even if the magistrate judge acted inappropriately in the bail and probable cause hearing, Bingham's claim that these actions affected the trial judge or his co-defendants is wholly unsubstantiated by the record, and Bingham has not provided any further proof that these actions caused the trial judge to be biased or his co-defendants to plead guilty. Thus, we find this contention to be without merit.

Bingham also contends that his trial counsel was ineffective in several respects. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel. Bingham's ineffective assistance claims are therefore not cognizable in this direct appeal.

Bingham next contends that the district court erred in denying his motion to suppress evidence obtained in a warrantless search of his safe. This Court reviews the factual findings underlying the denial of a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Viewing the evidence in the light most favorable to the Government, as we must, *see United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998), we find that the district court did not err in denying Bingham's motion.

Finally, Bingham raises several issues for which he fails to provide any supporting argument. Because Bingham failed to present argument in support of these asserted issues, they are waived on appeal. *See* Fed. R. App. P. 28(a)(6); *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999); *11126 Baltimore Blvd., Inc. v. Prince George's County, Md.*, 58 F.3d 988, 993 n.7 (4th Cir. 1995).

Accordingly, we affirm Bingham's conviction. We deny Bingham's motion to supplement his informal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*